FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 SEP 17 PM 3: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:19-cr-416-T-30TGW

18 U.S.C. § 1951(a)

JORGE FUENTES-RODRIGUEZ

## INFORMATION

The United States Attorney charges:

## COUNT ONE

From an unknown date but no later than on or about February 6, 2018,

and continuing through an unknown date but no earlier than on or about

August 15, 2018, in the Middle District of Florida and elsewhere, the

defendant,

JORGE FUENTES-RODRIGUEZ,

knowingly and willfully conspired and agreed with other persons, both known

and unknown to the United States Attorney, to obstruct, delay, and affect

commerce and the movement of articles and commodities in such commerce,

by robbery, as those terms are defined in 18 U.S.C. § 1951(b), in that the

defendant unlawfully took and obtained property belonging to the Advance

Cash America located at 2614 Lakeland Hills Boulevard in Lakeland, Florida,

consisting of United States currency belonging to that Advance Cash America business, in the presence of another individual, that is, an employee of Advance Cash America, and against her will by means of actual and threatened force, physical violence, and fear of injury, immediate and future, to her person.

In violation of 18 U.S.C. § 1951(a).

## FORFEITURE

1.      The allegations contained in Count One are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1951, the defendant,

JORGE FUENTES-RODRIGUEZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.      If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: _____

Michael M. Gordon
Assistant United States Attorney

By: _____

James C. Preston, Jr.
Assistant United States Attorney
Deputy Chief, Violent Crimes and
Narcotics